LEE, C.J.,
for the Court:
¶ 1. Bobby Settlemires seriously injured his left leg in an on-the-job injury on *156 September 12, 2008. Settlemires filed a petition to controvert. Capital City Insurance Company (CCI) admitted the injury was work-related but denied Settlemires was permanently disabled. The administrative judge (AJ) awarded Settlemires 87.5 weeks of permanent partial disability benefits for the fifty percent industrial loss of use of his lower left extremity. The Mississippi Workers’ Compensation Commission affirmed the AJ’s decision.
¶ 2. Settlemires then appealed to this Court. We reversed and remanded for the Commission to determine whether Settlemires raised the presumption of total occupational loss of the scheduled member and, if so, whether CCI adequately rebutted that presumption. See Settlemires v. Capital City Ins. Co., 114 So.3d 789, 792-93 (¶ 12) (Miss.Ct.App.2013).
¶ 3. On remand, the Commission determined Settlemires did raise the presumption of total occupational loss of his lower left leg, but CCI adequately rebutted this presumption with overwhelming vocational and medical evidence showing Settlemires had the ability to earn the same wages as those at the time of his injury. Settle-mires again appeals, arguing the Commission erred in failing to award him a one hundred percent industrial loss of use of his lower left leg.
STANDARD OF REVIEW
¶ 4. The standard of review in a workers’ compensation case is well settled. If the findings of the Commission are supported by substantial evidence, then they are binding on this Court. Mitchell Buick, Pontiac & Equip. Co. v. Cash, 592 So.2d 978, 980 (Miss.1991). “The [Commission] sits as the ‘ultimate finder of facts’ in deciding compensation cases, and therefore, ‘its findings are subject to normal, deferential standards upon review.’ ” Pilate v. Int’l Plastics Corp., 727 So.2d 771, 774 (¶ 12) (Miss.Ct.App.1999) (quotations omitted). “We are bound even though the ‘evidence would convince the [C]ourt otherwise if it were instead the ultimate fact[-]finder.’ We will overturn [the] Commission’s decision only when there is an error of law or an unsupportable finding of fact.” Montana’s Sea Kettle Rest. v. Jones, 766 So.2d 100, 102 (¶7) (Miss.Ct. App.2000) (quotation omitted).
DISCUSSION
¶ 5. Settlemires contends the Commission erred in failing to award him a one hundred percent industrial loss of use of his lower left leg. In Mendian Professional Baseball Club v. Jensen, 828 So.2d 740, 747-48 (¶21) (Miss.2002), the Mississippi Supreme Court stated
Where a permanent partial disability renders a worker unable to continue in the position held at the time of injury, we hold that such inability creates a rebuttable presumption of total occupational loss of the member, subject to other proof of the claimant’s ability to earn the same wages which the claimant was receiving at the time of injury. The presumption arises when the claimant establishes that he has made a reasonable effort but has been unable to find work in his usual employment, or makes other proof of his inability to perform the substantial acts of his usual employment. Rebuttal is shown by all the evidence concerning wage-earning capacity, including education and training which the claimant has had, his age, continuance of pain, and any -other related circumstances.
The supreme court defined “[u]sual employment in this context [as] the jobs in which the claimant has past experience, jobs requiring similar skills, or jobs for which the worker is otherwise suited by his age, education, experience, and any *157 other relevant factual criteria.” Id. at 747 (¶ 20).
¶ 6. The AJ had found that “[Settle-mires] cannot do everything he did in his previous line of work for the same period that he did them before, he clearly can do them for some time period. He can drive a truck, but not for as long of a time period.” Agreeing with the AJ’s findings, the Commission determined that Settle-mires’s “injury did not prevent him from performing the specific ‘substantial acts’ of employment, but rather limited the duration which these ‘substantial acts’ could be performed.” The Commission also noted that Settlemires performed his same pre-injury job for approximately five months after reaching maximum medical improvement. The Commission further found Settlemires could perform jobs similar to his employment prior to working in the timber industry. According to Bruce Brawner, the licensed vocational-rehabilitation counselor, Settlemires had the education, training, and experience to find employment within his restrictions. Sett-lemires testified he had applied for several jobs without success. However, Settle-mires admitted that several of his unsuccessful job applications were the result of the poor economy and not necessarily due to his work restrictions. See Lott v. Hudspeth, 26 So.Bd 1044, 1050 (¶ 22) (Miss.2010) (claimant’s unemployability must be related to injury, not “depressed economic conditions”).
II7. We find the Commission’s decision was supported by substantial evidence; thus, we affirm.
¶ 8. THE JUDGMENT OF THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.